IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEVELAND HUGHES | : | |
| Petitioner | : | |
| v | : | Civil Action No. L-07-1094 |
| STATE OF MARYLAND | : | |
| Respondent | : | |

oOo

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus seeks an Order from this Court requiring the Maryland Division of Correction to award diminution of confinement credits to Mr. Hughes. Paper No. 1. Hughes states he has served 25 years on a term of life plus 20 years consecutive. Id. In addition, Hughes again raises allegations regarding violation of the Interstate Agreement on Detainers Act.[1] Id. For the following reasons, the Court will, by separate Order, DISMISS the petition.

First, the petition does not state a federal issue. Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. McCray v. Rosenblatt, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); see

---

[1] On September 29, 1992, Hughes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction on numerous grounds, including a claim that the State violated the Interstate Agreement on Detainers Act ("IADA"). See Hughes v. Smith, Civil Action No. N-92-2738, Docket No. 13 (D. Md. 1993). The claim regarding the IADA was decided on the merits in a Report and Recommendation rendered by a magistrate judge and adopted by the Honorable Edward S. Northrop in a Memorandum dated August 18, 1995. Id., Docket No. 28. The same claim was again raised by Hughes in another petition filed with this Court. See Hughes v. State of Maryland, Civil Action No. L-05-2595 (D. Md. 2005). In dismissing that petition as successive, Hughes was instructed to seek authorization for leave to file a successive petition from the Fourth Circuit Court of Appeals. The claim was raised again by Hughes in a petition filed on May 5, 2006, which was also dismissed as successive. See Hughes v. Warden, Civil Action No. L-06-1158 (D. Md. 2006).

also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Pringle v. Beto, 424 F.2d 515, 516 (5th Cir. 1970). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." Wright v. Angelone, 151 F. 3d 151, 157 (4th Cir. 1998). See Smith v. Moore, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). Hughes' claim regarding diminution of confinement credits may be raised in the appropriate state court.[2]

Second, to the extent that Hughes is rasing a successive challenge to the validity of his conviction, this Court cannot consider a successive petition until the Fourth Circuit has authorized it to do so. Hughes has not obtained that authorization, prohibiting this Court from examining his claims. Accordingly, his pending application for habeas corpus relief must be dismissed.

8TH

Dated this ___ day of May, 2007.

                                                         Benson Everett Legg
                                                        Chief Judge

---

[2] Hughes may have a state remedy available to him. If application of the credits entitles him to an immediate release, Hughes may file a state petition for writ of habeas corpus. *See* Md. Rule 15-302(a)(1); see also Maryland House of Correction v. Fields, 113 Md. App. 136, 140, 686 A. 2d 1103, 1105 (1996) (habeas relief is appropriate where prisoner alleged that prison officials' actions were unauthorized; that he was unlawfully detained and was entitled to immediate release).